**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

LUIS DIAZ, on behalf of himself and all others similarly situated,

           Plaintiff(s),

           -against-

SELENE FINANCE, LP; and JOHN DOES 1-25,

           Defendant(s).

Civil Case Number:

**CIVIL ACTION**

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

## LOCAL CIVIL RULE 10.1 STATEMENT

The mailing addresses of the parties to this action are:

LUIS DIAZ
1052 Westwood Avenue
Old Tappan, New Jersey 07675

SELENE FINANCE, LP
9990 Richmond Avenue, Suite 400 South
Houston, Texas 77042

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for statutory damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district because the Plaintiff resides there, and the acts of the Defendant that give rise to this action occurred in substantial part there.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, a resident of Bergen County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      SELENE FINANCE maintains a location at 9990 Richmond Avenue, Suite 400 South, Houston, Texas 77042.

8.      SELENE FINANCE uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.      SELENE FINANCE is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers residing in Bergen County and their successors in interest (the "Class"), who SELENE FINANCE collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Classes are initially defined as:

CLASS A – FDCPA

- All New Jersey consumers residing in Bergen County and who were sent letters and/or notices from SELENE FINANCE attempting to collect a debt (See Exhibit A), which included the alleged conduct and practices described herein.

    The Class period begins one year to the filing of this Action.

CLASS B - Truth-in-Consumer Contract, Warranty and Notice Act

- All New Jersey consumers residing in Bergen County and who were sent letters and/or notices from SELENE FINANCE attempting to collect a debt (See Exhibit A), which included any provision that violated any clearly established legal right of those consumers or the responsibility of a creditor as established by State or Federal law at the time the letters and/or notices were given to those consumers.

    The Class period begins six years to the filing of this Action.

    The class definitions may be subsequently modified or refined.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the

Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether the Defendants violated various provisions of the FDCPA;

  b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to February 17, 2023, Plaintiff allegedly incurred a financial obligation to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEEE FOR RCF 2 ACQUISISTION TRUST or a predecessor creditor ("MORTGAGE COMPANY").

16.     The obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transactions, was primarily for personal, family or household purposes.

17.     Plaintiff did not incur the MORTGAGE COMPANY obligation for business purposes.

18.     Plaintiff incurred the MORTGAGE COMPANY obligation in connection with a residential mortgage.

19.     The MORTGAGE COMPANY obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.     MORTGAGE COMPANY is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.     On or before February 17, 2023, the MORTGAGE COMPANY obligation was assigned, directly or through an agent, to SELENE FINANCE for the purpose of collections.

22.     At the time the MORTGAGE COMPANY obligation was assigned to SELENE FINANCE, the MORTGAGE COMPANY obligation was in default.

23.     SELENE FINANCE caused to be delivered to Plaintiff, a letter dated February 17, 2023, regarding the MORTGAGE COMPANY obligation.  **See Exhibit A,** which is fully incorporated herein by reference.

24.     The February 17, 2023 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25.     Upon receipt, Plaintiff read and relied on the notices, statements and representations in the February 17, 2023 letter.

26.     SELENE FINANCE admitted that it was a debt collector in its February 17, 2023 letter:

Selene Finance LP is a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

27.    The February 17, 2023 letter stated, in part, the following:

You are in default for failure to pay the amounts due under the terms of the documents creating and securing your Loan described above, including the Note, dated, 10/11/2005, in the amount of $760,000.00, and Deed of Trust/Mortgage/Security Deed ("Security Instrument"). **This situation is serious and your Lender, in their own name or by and through their loan servicer, Assignee or other representatives, intends to institute a foreclosure lawsuit against you.**

To cure this default, you must pay all amounts due under the terms of your Note and Deed of Trust/Mortgage.  As of 02/17/2023, your loan is due for 05/01/2017 and the total amount necessary to cure your default is $284,879.98, which consists of the following:

| | |
|---|---|
| Next Payment Due Date | 05/01/2017 |
| Total Monthly Payments Due: | $277,538.08 |
| Late Charges: | $304.31 |
| Uncollected NSF Fees: | $0.00 |
| Other Fees: | $0.00 |
| Escrow Advance Balance Due: | $6,897.59 |
| Corporate Advance Balance: | $140.00 |
| Unapplied Balance: | ($0.00) |
| **TOTAL YOU MUST PAY TO CURE DEFAULT:** | **$284,879.98** |

28.    The February 17, 2023 letter also stated the following:

You must cure the default as stated above by 03/24/2023 in order to avoid institution of foreclosure proceedings.  Payment or tender shall be made to the Lender's authorized representative.

Please include your loan number and property address with your payment and send to:

Selene Finance LP
P.O. Box 71243
Philadelphia, PA 19176-6243

If the default is not cured by 03/24/2023, Selene may take steps to terminate your ownership in the Mortgaged Property by initiating foreclosure proceedings in a Court of competent jurisdiction.  You could lose your home as a result of the Mortgage default.

29.    The February 17, 2023 letter also contained the following notice:

**NOTICE REQUIRED BY THE**
**FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. SECTION 1692, et. Seq.**

1.  The principal balance due on the debt, as of the date of this letter is $830,228.58. This amount does not include any interest, other charges, foreclosure or bankruptcy fees and costs which have been, or may be, incurred in the future.

2.  The debt referred to in the proceeding Notice of Intention to Foreclose evidenced by the copy of the Mortgage and Note, will be assumed valid by the creditor, unless debtors, within thirty (30) days after the receipt of this Notice, disputes, in writing, the validity of the debt or some portion thereof.

3.  If the debtor notifies the creditor, in writing, within thirty (30) days of the receipt of this Notice, that the debt, or any portion thereof, is disputed, the creditor will obtain verification of the debt and a copy of the verification will be mailed to the debtor by the creditor.

4.  If the creditor, specified in the proceeding Notice of Intention to Foreclose, is not the original creditor, and if the debtor makes a written request to the creditor within thirty (30) days from the receipt of the Notice, the name and address of the original creditor will be mailed to the debtor by the creditor.

5.  Written requests should be addressed to:

Selene Finance LP
P.O. Box 8619
Philadelphia, PA 19101-8619

Please refer to our file number: 2005017790

30.    According to the Defendant, the notice it provided was required to be provided to the Plaintiff pursuant to the FDCPA - 15 U.S.C. § 1692 et seq.

31.    Defendant's February 17, 2023 letter caused Plaintiff to be confused.

32.    Defendant's February 17, 2023 letter caused Plaintiff to suffer an informational injury.

33.    Defendant's February 17, 2023 letter caused Plaintiff to suffer an informational injury, which left him confused and uncertain as to his rights, and what steps he should take protect his interest.

34.    Plaintiff was confused and left unsure as to who the creditor of the debt was as the only disclosure was that Defendant was the servicer for U.S. BANK TRUST NATIONAL

ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEEE FOR RCF 2 ACQUISITION TRUST.

35.    Plaintiff confused and left unsure as to which of the balances provided by the Defendant was the amount of the debt - $760,000.00; $284,879.98 or $830,228.58 (exclusive of interest, other charges and costs), which was required to be disclosed under the Notice required by the Fair Debt Collection Practices Act (and required to be disclosed pursuant to Regulation F discussed below).

36.    Plaintiff confused and left unsure as to which of the balances provided by the Defendant would cure the default of the debt.

37.    Plaintiff was left unsure what the "Corporate Advance Balance" consisted of and whether it was a valid part of the debt.

38.    Pursuant to 15 U.S.C. § 1692l(d) of the FDCPA, "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

39.    Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

40.    Regulation F established a Model Form initial collection letter which if used properly by a debt collector would satisfy regulatory compliance with 12 CFR § 1006.34(d)(2)(i).

41.    While use of the Model Form initial collection letter might be sufficient to provide the information required by 12 CFR § 1006.34, it does not guarantee compliance with the requirements of 15 U.S.C. § 1692g or any other section of the FDCPA.

42.     As a result, just because a debt collector uses the Model Form initial collection letter that purports to comply with 12 CFR § 1006.34, it does not mean that a debt collector has complied with provisions of the FDCPA.

43.     Moreover, even if use of the Model Form initial collection letter might provide a safe harbor for some of section 1692g's statutory requirements, a safe harbor for the form of provided information is different from a safe harbor for the substance of that information.

44.     Thus, use of the Model Form initial collection letter only provides coverage for regulatory compliance (with the CFPB) and not statutory compliance. See 12 CFR § 1006.34(d)(2)(i).

45.     While a debt collector does not have to use the Model Form initial collection letter, it still is required to provide the consumer with the information now required by Regulation F.

46.     Pursuant to Regulation F, a debt collector must disclose an itemization of the current amount of the debt (i.e., the amount of the debt as of when the validation information is provided).

47.     That itemization **must** reflect the amount of the debt incurred since the itemization date that is attributable to 1) interest charged, 2) fees incurred, 3) payments made, and 4) credits.

48.     A debt collector **must** include fields in the notice for all four of these items when providing the validation information, even if no additional amounts have accrued since the itemization date.

49.     For each of the four items, a debt collector **must** not leave the amount disclosure blank, but instead, **must** indicate that no amounts have been incurred since the itemization date. For example, if a consumer has not made any payments since the itemization date, a debt collector providing that consumer a written notice must still include a field for payments made in the

itemization but may indicate that the value of payments made since the itemization date is "0" or "none," or may state that no payments have been assessed or applied to the debt.

50.     Pursuant to Regulation F, Defendant was required to provide Plaintiff with the specific date that the debt collector will consider the end date of the validation period during which a consumer may verify the debt.  See 12 CFR 1006.34(c)(3)(i)-(iii).

51.     Other than attempting to provide the name of the creditor to whom the debt is owed and attempting to provide the amount of the debt, Defendant's February 17, 2023 letter fails to comply with Regulation F, which became effective November 30, 2021.

52.     Defendant's February 17, 2023 letter fails to include any and all of the additional information required by Regulation F.

53.     Defendant's February 17, 2023 letter fails to include all of the notices, information, disclosures, and  statements  required by Regulation F.

54.     Defendant's February 17, 2023 letter fails to include an itemization date of any kind or any reference to an itemization date as required by 12 CFR § 1006.34(c)(2).

55.     Defendant's February 17, 2023 letter fails to include any of the specific dates required under 12 CFR § 1006.34(c)(3).

56.     Defendant's February 17, 2023 letter failed to provide the necessary consumer-response information required by 12 CFR § 1006.34(c)(4).

57.     Defendant's February 17, 2023 letter failed to advise Plaintiff of the specific date that the validation period would end on.

58.     Defendant has never sent any written communication to Plaintiff which includes any of the notices and information now required to be given to Plaintiff pursuant to Regulation F.

59.     SELENE FINANCE knew or should have known that its actions violated the FDCPA.

60.     Defendants could have taken the steps necessary to bring their actions within compliance with the law but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## **POLICIES AND PRACTICES COMPLAINED OF**

61.     It is SELENE FINANCE's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the law, by *inter alia*:

  (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

  (b)     Using unfair or unconscionable means to collect or attempt to collect any debt;

  (c)     Failing to effectively state the name of the creditor to whom the debt is owed and failing to state the correct amount of the debt;

  (d)     Failing to effectively convey the amount of the debt;

  (e)     Overshadowing and/or contradicting Plaintiff's rights under the FDCPA;

  (f)     Failing to provide Plaintiff with notices and/or disclosures which are required by the FDCPA and/or Regulation F; and

  (g)     Distributing a written notice which included a provision that violated any clearly established legal right of a consumer or the responsibility of a creditor as established by State or Federal law at the time that the notice was given.

62.     On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A** to at least 50 natural persons in Bergen County, New Jersey within one year of this Complaint.

## COUNT I

### NEW JERSEY DECLARATORY JUDGMENT ACT

63.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

64.     As discussed herein, the Court has jurisdiction to declare the rights of Plaintiff and others similarly situated relative to the Defendant.

65.     Plaintiff is a person interested under a written contract or other writing constituting a contract or whose rights, status or other legal relations are affected by a statute, contract, who may have determined any question of construction or validity arising under the instrument, statute, contract and obtain a declaration of rights, status or other legal relations thereunder.

66.     Plaintiff and others similarly situated are entitled to Declaratory Judgment that Defendant violated the Plaintiff's rights and the FDCPA as alleged herein.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*  VIOLATIONS

67.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

68.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

69.     Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

70.     Defendant violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; §1692e(2)(A); § 1692e(10); §1692g et seq.; §1692g(a)(1); §1692g(a)(2); §1692g(a)(3); and §1692g(b).

71.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiffs and others similarly situated.

72.    Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiffs and others similarly situated.

73.    As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

74.    Defendant falsely represented the amount of the debt.

75.    Defendant falsely represented that Plaintiff could only dispute the debt in writing.

76.    By failing to comply with Regulation F as described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

77.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the notice Defendant provided to Plaintiff was required by the FDCPA - 15 U.S.C. § 1692 et seq.

78.    Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

79.    Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the amount of the debt.

80.    Defendant violated 15 U.S.C. § 1692e(2)(A) by failing to effectively convey the amount of the debt.

81.    As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

82.    As described herein, Defendants violated 15 U.S.C. § 1692e(10).

83.    As described herein, Defendants violated 15 U.S.C. § 1692f.

84.    As described herein, Defendants violated 15 U.S.C. § 1692g(a) et seq.

85.     Defendant violated 15 U.S.C. § 1692g(a) et seq. by failing to effectively convey the information required by same.

86.     Defendant violated the FDCPA by overshadowing and/or contradicting the notices and information mandated by 15 U.S.C. § 1692g(a)(1) through (5).

87.     Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to provide the amount of the debt.

88.     Defendant violated 15 U.S.C. § 1692g(a)(1) by providing contradictory amounts of the debt.

89.     Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to effectively convey the amount of the debt.

90.     Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to clearly and effectively identify the name of the creditor to whom the debt is owed.

91.     Defendant violated 15 U.S.C. § 1692g(a)(3) by imposing a requirement that disputes must be in writing.

92.     As described herein, Defendants violated 15 U.S.C. § 1692g(b).

93.     As described herein, Defendant violated provisions of Regulation F.

94.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

95.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

96.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

## COUNT III

**TRUTH-IN-CONSUMER CONTRACT, WARRANTY AND NOTICE ACT,
N.J.S.A. § 56:12-14  *et seq*.  VIOLATIONS**

97.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

98.    Plaintiff and others similarly situated are consumers.

99.    MORTGAGE COMPANY is a creditor for purposes of N.J.S.A. § 56:12-14 et seq.

100.    At all times relevant to this matter, Defendant was acting on behalf of MORTGAGE COMPANY

101.    Upon information and belief, MORTGAGE COMPANY was aware that Defendant was using the February 17, 2023 form of collection letter sent to Plaintiff at all times relevant to this matter and approved of its use.

102.    The FDCPA establishes clear rights for the Plaintiff and others similarly situated.

103.    The FDCPA establishes clear responsibilities for the Defendants when attempting to collect a debt.

104.    The February 17, 2023 letter is a notice and/or contains notices required by the FDCPA and/or Regulation F.

105.    As described herein, Defendants gave Plaintiff written notices which included a provision(s) that violated a clearly established right of the Plaintiff and others similarly situated as established by State or Federal law at the time that the notice was given.

106.    As described herein, Defendants gave Plaintiff written notices which included a provision(s) that violated a clearly established responsibility of the creditor as established by State or Federal law at the time that the notice was given.

107.    As described herein, Defendants violated clearly established rights of the Plaintiff under the FDCPA and/or under Regulation F.

108.    As described herein, Defendants violated clearly established responsibilities of the creditor under the FDCPA.

109.    As described herein, Defendants violated the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. § 56:12-14 et seq.

110.    Plaintiff is an aggrieved consumer for purposes of N.J.S.A. § 56:12-17.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding attorneys' fees and costs;

(d)    Awarding post-judgment interest.

(e)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.


## CERTIFICATION  PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject matter of any other court, arbitration or administrative proceeding.

Dated: July 16, 2023

<u>s/ Joseph K. Jones</u>
Joseph K. Jones, Esq. (002182006)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com
*Attorneys for Plaintiff*

# EXHIBIT

# A

 **selene**

P.O. Box 8619
Philadelphia, PA 19101-8619
Telephone (877) 735-3637
Fax (866) 926-5498
www.selenefinance.com

Hours of Operation (CT)
Monday - Thursday: 8 a.m. - 9 p.m.
Friday: 8 a.m. - 5 p.m.

02/17/2023

LUIS O DIAZ
████████████████████

Sent Via Certified Mail
9314 7100 1170 1122 3112 30

Re:     Loan Number:      ████████
        Property Address:  ████████████████████ r

Mortgage Servicer ("Servicer"):        Selene Finance LP
Current Mortgage Holder ("Lender"):    U.S. Bank Trust National Association, not in its individual capacity but
solely as owner trustee for RCF 2 Acquisition Trust
                                       Mail Code: EX-DE-WD2D Delle Donne Corporate Center 1011 Centre
Rd, Suite 203
                                       Wilmington DE, 19805

## NOTICE OF DEFAULT AND INTENT TO FORECLOSE

Dear Mortgagor(s):

Selene Finance LP ("Selene"), the mortgage servicer or mortgage holder of your mortgage loan, and in accordance with the Security Instrument and applicable state laws, provides you with formal notice of the following:

You are in default for failure to pay the amounts due under the terms of the documents creating and securing your Loan described above, including the Note, dated, 10/11/2005, in the amount of $760,000.00, and Deed of Trust/Mortgage/Security Deed ("Security Instrument"). **This situation is serious and your Lender, in their own name or by and through their loan servicer, Assignee or other authorized representatives, intends to institute a foreclosure lawsuit against you.**

To cure this default, you must pay all amounts due under the terms of your Note and Deed of Trust/Mortgage. As of 02/17/2023, your loan is due for 05/01/2017 and the total amount necessary to cure your default is $284,879.98, which consists of the following:

| | |
|---|---:|
| Next Payment Due Date | 05/01/2017 |
| Total Monthly Payments Due: | $277,538.08 |
| Late Charges: | $304.31 |
| Uncollected NSF Fees: | $0.00 |
| Other Fees: | $0.00 |
| Escrow Advance Balance Due: | $6,897.59 |
| Corporate Advance Balance: | $140.00 |
| Unapplied Balance: | ($0.00) |
| **TOTAL YOU MUST PAY TO CURE DEFAULT:** | **$284,879.98** |



NMLS# 6312
9314 7100 1170 1122 3112 30

Because of Interest, Late Charges and other charges that vary from day to day, and because the foregoing figures are projected through a future date, the amount due on the day you pay may be different, and some amounts may have been estimated. Only fees and for services rendered and costs disbursed as of the day payment is received will be assessed to the subject loan account if, as, and to the extent permitted by applicable law. If you pay the amount itemized above an adjustment may be necessary after your payment is received, in which event you will be informed as soon as practicable. For further information, please contact a Selene Representative at (877) 735-3637 to determine the exact amount due and arrange for payment.

You have the right to cure the default, together with any payments or other charges which may subsequently become due, at any time up to the entry of a Final Judgment in Foreclosure or Order of Redemption if you pay or tender all sums which would have been due in the absence of default at the time of such payment; perform any other obligation which you would have been bound to perform in the absence of default or the exercise of an acceleration clause; pay or tender Court costs, if any, and attorneys' fees in amount not to exceed the amount permitted under the Rules Governing the Courts of the State of New Jersey; and, pay all contractual late charges as provided for in the Note or Security Instrument.

You may cure your default by paying the sum of $284,879.98 by bank check, money order, or certified funds so that it is received at the following address on or before 03/24/2023.

You must cure the default as stated above by 03/24/2023 in order to avoid institution of foreclosure proceedings. Payment or tender shall be made to the Lender's authorized representative.

Please include your loan number and property address with your payment and send to:

> Selene Finance LP
> P.O. Box 71243
> Philadelphia, PA 19176-6243

If the default is not cured by 03/24/2023, Selene may take steps to terminate your ownership in the Mortgaged Property by initiating foreclosure proceedings in a Court of competent jurisdiction. You could lose your home as a result of the Mortgage default.

If foreclosure proceedings are instituted, you still have the right to cure the default, but you will be required to pay Court costs and attorneys' fees as provided for by law.

You have the right to transfer the Mortgaged Property to another person subject to the Mortgage and any such transferee may have the right to cure the default as provided for by law, subject to the provisions of the Mortgage documents.

You should seek counsel from an attorney at law of your own choice concerning your residential Mortgage default situation. If you are unable to obtain an attorney, you may communicate with the New Jersey Bar Association or Lawyer Referral Service in the county in which the Mortgaged Property is located. If you are unable to afford an attorney, you may be eligible for free subsidized legal assistance and you may communicate with the Legal Services office in the county in which the mortgaged property is located.

You may be eligible for financial assistance for curing the default from programs operated by the State or Federal governments, or non-profit organizations, if any, identified by the Commissioner of Banking of the State of New Jersey, and if the property is subject to restrictions on affordability, the address and phone number of the municipal affordable housing liaison and of the New Jersey Housing and Mortgage Finance Agency. Annexed hereto is a list of such Financial Assistance Agencies which may help you.

If you disagree with the assertion that the Mortgage is in default, or if you disagree with the calculations of the amount required to cure the default as stated in this letter, you may contact the Lender's authorized representative at (877) 735-3637.



Page 2 of 10
DM015

9314 7100 1170 1122 3112 30

The Lender is exempt from licensure under the "New Jersey Residential Mortgage Lending Act," sections 1 through 39 of P.L.2009, c.53 (C. 17:11C-51 through C.17:11C-89) in accordance with applicable law.

The Debtor is entitled to housing counseling, at no cost to the debtor, through the Foreclosure Mediation Program established by the New Jersey Judiciary, who may be contacted via the Superior Court Clerk's Office, Foreclosure Mediation, P.O. Box 971, 25 Market Street, Trenton, NJ 08625 pursuant to N.J. Ct. R. 4:64-1B(c)(1).

If the property which is the subject of the mortgage has more than one dwelling unit but less than five, one of which is occupied by the debtor or a member of the debtor's immediate family as the debtor's or member's residence at the time the loan is originated, and is not properly maintained and meets the necessary conditions for receivership (eligibility, established pursuant to section 4 of the "Multifamily Housing Preservation and Receivership Act," P.L.2003, c.295 (C.2A:42-117), the residential mortgage lender shall file an order to show cause to appoint a receiver.

If the lender takes the steps to terminate your ownership in the Mortgaged Property by initiating foreclosure proceedings in a Court of competent jurisdiction, the debtor has the option to participate in the Foreclosure Mediation Program following the filing of a mortgage foreclosure complaint by initiating mediation pursuant to paragraph (2) of subsection a. of section 4 of P.L.2019, c.64 (C.2A:50-77). Notice of the option to participate in the Foreclosure Mediation Program shall adhere to the requirements of section 3 of P.L.2019, c.64 (C.2A:50-76) and any court rules, procedures, or guidelines adopted by the Supreme Court.

If full payment of the amount in default is not made as stated in this letter, a mortgage foreclosure lawsuit against you will be instituted. If the Mortgage is foreclosed, the Mortgaged Property will be sold by the Sheriff or other officer authorized by law and the proceeds of Sale applied to the Mortgage debt. If you have not been discharged in a bankruptcy and/or otherwise remain personally obligated on the debt, you may also be sued personally for all sums due under the Note or other instrument evidencing your personal obligation to repay the loan, as provided for by law. Payment must be in cashier's check, certified check or money order and payable to the address stated in this Notice. Please include your loan number on any payment or correspondence.

If foreclosure proceedings are instituted, you have the right to assert in such proceedings the non-existence of default or any other defenses you may have to acceleration or foreclosure, as provided for by applicable law. In addition, you may have other rights provided for by State by Federal Law, or by the Security Instrument.

If you cure the default, the Mortgage account will be restored to the same position as if no default had occurred. However, you are not entitled to this right as a matter of law more than once every 18 months.

Sincerely,

Loan Resolution Department



9314 7100 1170 1122 3112 30

Selene Finance LP is a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

**Please note that if you are in bankruptcy or received a bankruptcy discharge of this debt, this communication is not an attempt to collect the debt against you personally.**

**For Servicemembers and their Dependents:** The Federal Servicemembers Civil Relief Act and certain state laws provide important protections for you, including, under most circumstances, a prohibition on foreclosure during and twelve months after the servicemember's active duty service. Selene will not foreclose on the property of a servicemember or his or her dependent during that time, except pursuant to a court order. You also may be entitled to other protections under these laws, including interest rate and fee relief. Please contact us to learn more about your rights.



9314 7100 1170 1122 3112 30

**NOTICE REQUIRED BY THE
FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. SECTION 1692, et. Seq.**

1.  The principal balance due on the debt, as of the date of this letter is $830,228.58. This amount does not include any interest, other charges, foreclosure or bankruptcy fees and costs which have been, or may be, incurred in the future.

2.  The debt referred to in the proceeding Notice of Intention to Foreclose evidenced by the copy of the Mortgage and Note, will be assumed valid by the creditor, unless debtors, within thirty (30) days after the receipt of this Notice, disputes, in writing, the validity of the debt or some portion thereof.

3.  If the debtor notifies the creditor, in writing, within thirty (30) days of the receipt of this Notice, that the debt, or any portion thereof, is disputed, the creditor will obtain verification of the debt and a copy of the verification will be mailed to the debtor by the creditor.

4.  If the creditor, specified in the proceeding Notice of Intention to Foreclose, is not the original creditor, and if the debtor makes a written request to the creditor within thirty (30) days from the receipt of the Notice, the name and address of the original creditor will be mailed to the debtor by the creditor.

5.  Written requests should be addressed to:

    Selene Finance LP
    P.O. Box 8619
    Philadelphia, PA 19101-8619

    Please refer to our file number: 2005017790



Page 5 of 10
DM015

9314 7100 1170 1122 3112 30